**CITY OF ELSA, Texas, Petitioner,**

**v.**

**M.A.L., et al., Respondents.**

**No. 06–0516.**

Supreme Court of Texas.

June 1, 2007.

J. Arnold Aguilar, John Joseph Jordan, Law Office of J. Arnold Aguilar, Brownsville, for Petitioner.

Miguel A. Pruneda Jr., The Pruneda Law Firm, P.L.L.C., Pharr, TX, for Respondent.

PER CURIAM.

■ In this case we reaffirm that (1) "sue and be sued" provisions in city charters do not waive immunity from suit for monetary damages, and (2) governmental entities may be sued for injunctive relief under the Texas Constitution.

This case arose after three police officers resigned from the City of Elsa's police force. A local news station reported that the police officers left the force after positive drug tests. The three officers then sued the City, alleging that it had improperly disclosed medical information under the Medical Practice Act, Tex. Occ.Code §§ 159.001–.010, had improperly disclosed information not subject to the Open Records Act, Tex. Gov't Code §§ 552.001–.353, and had engaged in "deprivations of privacy and confidential rights, privileges and immunities secured by the laws and Constitution of Texas under Article I, Section 8 and 19." The former officers generally alleged entitlement to monetary damages. They also sought equitable and injunctive relief for the alleged constitutional violations.

The City filed a plea to the jurisdiction, which the trial court denied. The City then filed an interlocutory appeal of the denial of its plea. The Thirteenth Court of Appeals affirmed in part and reversed in part. 192 S.W.3d 678.

The court of appeals affirmed the trial court's denial of the plea as to the statutory claims, holding that a "sue and be sued" provision in the City's charter waived the City's immunity from suit. *Id.* at 681–82. The court reversed and remanded the trial court's denial of the plea as to the constitutional claims. As to the alleged constitutional violations the court of appeals held that to the extent the plaintiffs' pleadings sought monetary damages, such claims were invalid but that equitable relief could be sought. Conclud-ing that the plaintiffs' request for injunctive relief merely asked for an injunction to prevent the City "from taking any further action that would jeopardize" their employment and liberty interests, the pleadings "failed to affirmatively demonstrate the trial court's jurisdiction over their claim for prospective injunctive relief" because the plaintiffs pleaded only "mere fear or apprehension of possible injury" in the future. The constitutional claims were remanded to allow plaintiffs to amend their petition.

After the court of appeals issued its decision, we held that a "sue and be sued" provision in a city charter does not, by itself, constitute an unambiguous waiver of governmental immunity. *See Tooke v. City of Mexia,* 197 S.W.3d 325, 344 (Tex. 2006); *Reata Constr. Corp. v. City of Dallas,* 197 S.W.3d 371, 378 (Tex.2006). The court of appeals' decision regarding statutory claims is inconsistent with our holdings in *Tooke* and *Reata.* We therefore reverse the part of the court of appeals' judgment that affirmed denial of the City's plea to the jurisdiction as to the claims for monetary relief.

■ The City further asserts that the court of appeals should have dismissed the claims for injunctive relief rather than remanding those claims to the trial court. The City argues that the trial court lacks jurisdiction over the case because the plaintiffs sought injunctive relief against the City itself, rather than against the officials alleged to have committed unauthorized acts. The City relies on *Bagg v. University of Texas Medical Branch at Galveston,* 726 S.W.2d 582 (Tex.App.-Houston [14th Dist.] 1987, writ ref'd n.r.e.), in support of this argument. In *Bagg,* the court of appeals held that "when a plaintiff seeks injunctive relief that involves an activity of a state agency he must sue some

individual in authority at that agency; he may not sue the agency itself." *Id.* at 584–85. The court in *Bagg* reasoned that "[u]nlawful or unauthorized actions are not considered acts of the state.... If the alleged wrongful actions are not state actions, the state cannot be the proper party to sue." *Id.* at 585.

The *Bagg* holding is inconsistent with this Court's later holding in *City of Beaumont v. Bouillion,* 896 S.W.2d 143 (Tex. 1995). In *Bouillion,* we held that although there is no "implied private right of action for damages against governmental entities for violations of the Texas Constitution," suits for "equitable remedies for violation of constitutional rights are not prohibited." *Id.* at 144, 149. We stated that "suits for injunctive relief" may be maintained against governmental entities to remedy violations of the Texas Constitution. *Id.* at 149. After our decision in *Bouillion,* the Fourteenth Court of Appeals acknowledged *Bagg* was no longer good law, stating that "[s]ince this court's *Bagg* decision, the Texas Supreme Court, in the *City of Beaumont v. Bouillion* has held that while there is no cause of action for damages for the violation of state constitutional rights, a plaintiff whose constitutional rights have been violated may sue the state for equitable relief." *Vriesendorp v. M.D. Anderson Cancer Ctr.,* No. 14–97–00354–CV, 1998 Tex.App. LEXIS 4146, 1998 WL 386320 (Tex.App.-Houston [14th Dist.] July 9, 1998, pet. denied) (not designated for publication). We conclude that the court of appeals did not err by refusing to dismiss the plaintiffs' claims for injunctive relief based on alleged constitutional violations.

Accordingly, we grant the City's petition for review. Without hearing oral argument, TEX.R.APP. P. 59. 1, we reverse the part of the court of appeals' judgment affirming denial of the plea to the jurisdiction as to the claims for monetary relief and we order that those claims be dismissed. We affirm the part of the court of appeals' judgment that remands the claims for injunctive relief to the trial court.