IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 05-0986
════════════
 
Harris County Hospital 
District, Petitioner,
 
v.
 
Tomball Regional Hospital, Respondent
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Fourteenth District of 
Texas
════════════════════════════════════════════════════
 
 
Argued December 4, 
2007
 
 
            
Chief Justice Jefferson, 
joined by Justice O’Neill, Justice 
Brister, and Justice 
Willett, dissenting.
 
            
Despite a constitutional dictate requiring a legislatively authorized 
hospital district to “assume full responsibility for providing medical and 
hospital care to needy inhabitants of the county,” the Court leaves Tomball 
Hospital Authority (“THA”) no means to obtain payment from Harris County 
Hospital District (“HCHD”) for services provided to indigent patients. The Court 
holds that HCHD is immune from suit and dismisses the case, precluding THA from 
seeking even injunctive relief for HCHD’s alleged 
constitutional violations. Because our constitution compels a different result, 
I respectfully dissent. 
            
Article IX, section 4 of the Texas Constitution provides that if a 
hospital district is created by statute, it “shall assume full responsibility 
for providing medical and hospital care to needy inhabitants of the county, and 
thereafter such county and cities therein shall not levy any other tax for 
hospital purposes.” Tex. Const. art. 
IX, § 4. The Court holds that this constitutional 
language:
 
bears on a hospital district’s liability for providing 
care, but it does not address the method by which that liability may be 
enforced; that is, whether a hospital district is or is not immune from suit to 
establish and secure a judgment for the amount of whatever its liability may be. 
We need go no further than the plain language of the Constitution to conclude 
that it does not provide that suits for damages may be filed against a hospital 
district.
 
__ S.W.3d at __. I am not persuaded by the Court’s approach. 
There are many constitutional mandates that do not spell out precisely the means 
of implementation, but this silence does not render them advisory.
            
The Court cites City of Beaumont v. Bouillion, 896 S.W.2d 143 (Tex. 1995), to support 
its holding today. In Bouillion, however, we 
explained that while there was no implied private right of action for damages 
arising under the free speech and free assembly section of the Texas 
Constitution, suits for injunctive relief were permissible:
 
The 
framers of the Texas Constitution articulated what they intended to be the means 
of remedying a constitutional violation. The framers intended that a law 
contrary to a constitutional provision is void. There is a difference between 
voiding a law and seeking damages as a remedy for an act. A law that is declared 
void has no legal effect. Such a declaration is different from seeking 
compensation for damages, or compensation in money for a loss or injury. Thus, 
suits for equitable remedies for violation of constitutional rights are not 
prohibited.
 
Id. at 149 
(citation omitted). In so holding, we distinguished article I, section 
17, the takings clause, which “provides that no person’s property shall be 
taken, damaged or destroyed or applied to public use without adequate 
compensation” and noted that this language created “a textual entitlement to 
compensation in its limited context” and was “‘a waiver of governmental 
immunity’” for a takings claim. Id. 
(quoting Steele v. City of Houston, 603 S.W.2d 786, 791 (Tex. 1980)). We 
cautioned, however, that “th[e] language [of the 
takings clause] cannot be interpreted beyond its context. The text of section 17 
waives immunity only when one seeks adequate compensation for property lost to 
the State.” Id.
            
The constitutional provision at issue in this case, article IX, section 
4, may not be as clear a “textual entitlement to compensation” as article I, 
section 17. But this suit is also not a private action for damages like Bouillion, in which the plaintiffs sought money 
damages for violation of their constitutional rights. Here, Tomball seeks 
reimbursement for care that it provided to indigent patients within the hospital 
district under the assumption that it was constitutionally entitled to payment 
from HCHD. I would hold that the constitutional mandate that hospital districts 
“shall assume full responsibility for providing medical and hospital care to 
needy inhabitants of the county” is “itself . . . the authorization for 
compensation . . . and is a waiver of governmental immunity” for a suit alleging 
a violation of this requirement. Steele, 603 S.W.2d at 
791. 
            
Even if this mandate were not clear, however, because THA alleges that 
HCHD violated the constitutional mandate to “assume full responsibility” for 
indigent care, governmental immunity does not bar THA from seeking injunctive 
relief against HCHD.[1] Bouillion, 896 S.W.2d at 149 (noting that “suits for 
equitable remedies for violation of constitutional rights are not prohibited”). 
We recently held that under Bouillion, “‘suits 
for injunctive relief’ may be maintained against governmental entities to remedy 
violations of the Texas Constitution.” City of Elsa v. M.A.L., 226 S.W.3d 
390, 392 (Tex. 
2007) (per curiam) (quoting Bouillion, 896 S.W.2d at 149). In City of 
Elsa, police 
officers sought equitable and injunctive relief for alleged constitutional 
violations. Id. at 
391. The court of appeals affirmed the trial court’s denial of the City’s 
plea to the jurisdiction and remanded the officers’ claims for injunctive relief 
to the trial court. Id.
            
At this Court, the City asserted that the court of appeals should have 
dismissed the claims for injunctive relief rather than remanding because the 
officers sought relief against the City itself and not against the officials 
alleged to have committed the unauthorized acts. Id. We rejected this argument, finding 
it inconsistent with Bouillion’s holding that 
“although there is no ‘implied private right of action for damages against 
governmental entities for violations of the Texas Constitution,’ suits for 
‘equitable remedies for violation of constitutional rights are not prohibited.’” 
Id. at 
392 (quoting Bouillion, 896 S.W.2d at 144, 
149). We concluded that the court of appeals did not err by refusing to dismiss 
the officers’ claims for injunctive relief because “‘suits for injunctive 
relief’ may be obtained against governmental entities to remedy violations of 
the Texas Constitution.” Id. (quoting 
Bouillion, 896 S.W.2d at 149). Thus, 
immunity would not bar THA’s claims for such relief 
here. 
            
While THA’s live pleading does not seek 
equitable relief, we have held that in considering a plea to the jurisdiction, 
“[i]f the pleadings are insufficient to establish 
jurisdiction but do not affirmatively demonstrate an incurable defect, the 
plaintiff should be afforded the opportunity to replead.” Westbrook v. Penley, 231 S.W.3d 389, 395 (Tex. 2007); Tex. Dep’t of Parks and Wildlife v. Miranda, 
133 S.W.3d 217, 226-27 (Tex. 2004). I would affirm the court of 
appeals’ judgment remanding this case to the trial court. Because the Court 
instead dismisses the case, I respectfully dissent.
 
 
            
_________________________
            
Wallace B. Jefferson
            
Chief Justice 
 
OPINION 
DELIVERED: May 1, 2009        
 
 






[1] 
This is consistent with federal cases addressing alleged violations of the 
United States Constitution; the United States Supreme Court has repeatedly held 
that federal courts may grant equitable relief for constitutional violations. 
See, e.g., Swann v. Charlotte-Mecklenburg Bd. of Educ., 402 U.S. 1, 15 (1971) (“Once a right and a 
violation have been shown, the scope of a district court’s equitable powers to 
remedy past wrongs is broad, for breadth and flexibility are inherent in 
equitable remedies.”); Johnson v. Wells Fargo & Co., 239 U.S. 234, 
244 (1915) (“Such continuing violation of constitutional rights might afford a 
ground for equitable relief.”); see also Carlson v. Green, 446 U.S. 14, 
42 (1980) (Rehnquist, J., dissenting) (“The broad power of federal courts to 
grant equitable relief for constitutional violations has long been 
established.”).