TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00251-CV






Texas State Board of Public Accountancy, Appellant


v.


Carl Bass, Thomas Bauer and Patricia Grutzmacher, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT

NO. D-1-GN-09-000088, HONORABLE RHONDA HURLEY, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Carl Bass, Thomas Bauer, and Patricia Grutzmacher (cumulatively the "auditors")
filed a declaratory judgment action seeking various declarations regarding the authority of the Texas
State Board of Public Accountancy (the "Board") and concerning various actions taken by the Board
when it decided to discipline the auditors. In response, the Board filed a plea to the jurisdiction, but
the district court denied the plea. After the district court made its determination, the Board filed this
interlocutory appeal and asserts that the district court erred because the auditors' suit is barred by
sovereign immunity. In addition, the Board contends that the district court erred because the auditors
are seeking the same relief through an appeal of the Board's determination under the Administrative
Procedure Act (the "APA"). See Tex. Gov't Code Ann. §§ 2001.001-.902 (West 2008 & Supp.
2010). We will reverse the district court's determination and dismiss this case for want of
jurisdiction. 


BACKGROUND

 Carl Bass, Thomas Bauer, and Patricia Grutzmacher are former employees of Arthur
Andersen LLP. At the time relevant to this appeal, Bass and Bauer were partners at Arthur Andersen
and were certified public accountants, and Grutzmacher was a manager at Arthur Andersen but was
not a certified public accountant. Grutzmacher later became a certified public accountant. All three
participated in an audit of Enron Corporation's financial statements. 

 In response to Enron's collapse, the Board investigated the audits performed by the
auditors and initiated disciplinary action. Shortly thereafter, a contested-case hearing was held at
the State Office of Administrative Hearings ("SOAH") before two administrative law judges. See
Tex. Occ. Code Ann. § 901.508 (West 2004) (explaining that if Board indicates that it will be taking
disciplinary action against individual, he is entitled to hearing); 22 Tex. Admin. Code § 519.40
(2010) (appointing SOAH as fact finder for hearings under section 901.508 but explaining that Board
retains right to determine sanctions and make final decision). 

 After the hearing concluded, the judges issued proposals for decision in which they
concluded that all three auditors were "able auditors"; however, the judges also found that the
auditors had made serious mistakes in their audit of Enron. In particular, the judges explained that
the auditors failed to discover a secret side agreement entered into by various Enron executives. In
addition, the judges found that Bass and Bauer violated several generally accepted auditing standards
and accounting principles and that Grutzmacher failed to conform her conduct to the standards and
principles. Finally, the judges determined that because Bass had final responsibility regarding the
audits, he should bear responsibility for his approval of Bauer's and Grutzmacher's improper work. 

 In addition to these determinations, the judges also issued recommendations regarding
punitive actions that should be taken against the auditors. Regarding Bass and Bauer, the judges
recommended that they be allowed to continue practicing public accountancy but that they should
be admonished. Regarding Grutzmacher, the judges recommended dismissing all of the charges
against her. Essentially, the judges reasoned that the Board did not have jurisdiction to impose
sanctions on Grutzmacher because she was not licensed at the time that the audits were conducted. 
 After receiving and considering the judges' proposals, the Board issued its decisions. 
While the Board adopted most of the findings and conclusions proposed by the judges, the Board
also modified several of the judges' proposals. For example, the judges determined that the Board
had no jurisdiction over Grutzmacher, but the Board disagreed and concluded that it had jurisdiction
to impose penalties on Grutzmacher for her handling of the Enron audit. In addition, the Board
revoked Bass's and Bauer's professional certificates and suspended Grutzmacher's certificate and
license for three years but probated the penalty. See Tex. Occ. Code Ann. § 901.501 (West 2004)
(bestowing certain disciplinary powers on Board, including power to revoke and suspend licenses
and certificates). The Board also imposed administrative costs and monetary penalties against Bass
and Bauer. See id. § 901.501(a)(9)-(11). 

 Once the Board issued its determination, the auditors sought individual judicial
review of the Board's decisions. See Tex. Occ. Code Ann. § 901.556(a) (West 2004) (allowing
person to appeal Board decision); see also Tex. Gov't Code Ann. § 2001.174 (West 2008) (stating
that if law allowing judicial review does not specify scope of review, then scope is substantial
evidence review). The district court reviewed those cases, and the district court's decisions are the
subject of another appeal with this Court. See Texas State Bd. of Pub. Accountancy, No. 03-10-00276-CV; Texas State Bd. of Pub. Accountancy v. Grutzmacher, No. 03-10-00277-CV; Texas State
Bd. of Pub. Accountancy v. Bauer, No. 03-10-00278-CV. 

 After initially seeking judicial review of the Board's decisions, the auditors also filed
a suit under the Uniform Declaratory Judgments Act. See Tex. Civ. Prac. & Rem. Code Ann.
§§ 37.001-37.011 (West 2008). In that case, the auditors sought various declarations relating to the
Board's authority and regarding the propriety of various actions taken by the Board when it decided 
to discipline the auditors. In response to the auditors' declaratory action, the Board filed a plea to
the jurisdiction asserting that the APA provides the exclusive method for challenging determinations
made by the Board. See Tex. Gov't Code Ann. §§ 2001.001-.902. In light of that assertion, the
Board characterized the auditors' declaratory action as an improper attempt to pursue redundant
remedies that are available to them under the APA. After conducting a hearing, the district court
denied the plea. 

 Once the district court denied its plea, the Board filed the interlocutory appeal that
is the subject of this appeal. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West 2008)
(allowing party to appeal denial of plea to jurisdiction filed by governmental unit). 


STANDARD OF REVIEW

 Pleas to the jurisdiction asserting sovereign immunity challenge a trial court's subject
matter jurisdiction. Texas Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 224-25 (Tex.
2004). Subject matter jurisdiction is a question of law that appellate courts review de novo. State
v. Holland, 221 S.W.3d 639, 642 (Tex. 2007). In reviewing the plea, courts look to the "plaintiff's
petition to determine whether the facts pled affirmatively demonstrate that jurisdiction exists." Id. 
"If the pleadings are insufficient to establish jurisdiction but do not affirmatively demonstrate an
incurable defect, the plaintiff should be afforded the opportunity to replead." Id. at 643. However,
if "the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may
be granted without allowing the plaintiffs an opportunity to replead." Miranda, 133 S.W.3d at 227. 


DISCUSSION

 In this appeal, the Board raises two issues. First, the Board insists that the auditors'
declaratory action is barred by sovereign immunity. Second, the Board argues that the auditors'
claims are barred by the doctrine of redundant remedies. 


Sovereign Immunity and Redundant Remedies

 As mentioned above, the Board contends that the auditors' claims in this case are
barred by sovereign immunity. "Absent waiver by the legislature, sovereign immunity generally
deprives courts of subject-matter jurisdiction over suits against the State, its agencies, or officers or
employees acting within their official capacity." Texans Uniting for Reform & Freedom v. Saenz,
319 S.W.3d 914, 920 (Tex. App.--Austin 2010, no pet.). Sovereign immunity protects the State
from private suits filed in its own courts unless the State consents to suit. Miranda, 133 S.W.3d at
224; see University of Tex. at El Paso v. Herrera, 322 S.W.3d 192, 195 (Tex. 2010). However, a
suit asserting that a government officer "acted without legal authority" and seeking to compel the
official "to comply with statutory or constitutional provisions" is an ultra vires suit that is not
protected by sovereign immunity. City of El Paso v. Heinrich, 284 S.W.3d 366, 372 (Tex. 2009). 
Those kinds of suits are not barred by sovereign immunity because they "do not attempt to exert
control over the state." Id. Instead, the suits "attempt to reassert the control of the state." Id.; Saenz,
319 S.W.3d at 920.

 The supreme court recently expounded upon sovereign immunity in ultra vires cases
in City of El Paso v. Heinrich and Texas Department of Insurance v. Reconveyance Services, Inc. 
 284 S.W.3d 366 (Tex. 2009); 306 S.W.3d 256 (Tex. 2010) (respectively). In Heinrich, the widow
of a slain police officer filed a declaratory judgment action against the City of El Paso when the City
reduced the amount of the monthly survivor benefits that it had been paying to the widow. 
284 S.W.3d at 369. In her suit, the widow "sought declaratory relief and an injunction." Id. The
City filed a plea to the jurisdiction arguing that they were shielded by "governmental immunity." 
Id.; see also Reata Constr. Corp. v. City of Dallas, 197 S.W.3d 371, 374 (Tex. 2006) (explaining
that political subdivisions of State, including cities, are entitled to immunity similar to sovereign
immunity that is called governmental immunity). 

 The supreme court determined that "while governmental immunity generally bars
suits for retrospective money relief, it does not preclude prospective injunctive remedies in
official-capacity suits against government actors who violate statutory or constitutional provisions."
Heinrich, 284 S.W.3d at 368-69. Nevertheless, the court also determined that "governmental entities
themselves--as opposed to officers in their official capacity--remain immune from suit" unless the
suit is a challenge to the validity of a statute or ordinance. Id. at 372-73; see Saenz, 319 S.W.3d at
920 (explaining that if declaratory judgment action is not filed against government officials, suit
implicates "sovereign immunity because it seeks to control state action"); see also Texas Lottery
Comm'n v. First State Bank of DeQueen, No. 08-0523, 2010 Tex. LEXIS 690, at *12 (Tex. Oct. 1,
2010) (concluding that because claim did not address government officer's actions and instead only
challenged statute, it was "not an ultra vires claim to which a government officer should have been
made a party"). 

 In other words, for claims seeking to restrain actions that allegedly violate or exceed
authority under an ordinance or statute rather than challenging the validity of the ordinance or statute,
the suit "cannot be brought against the state, which retains immunity, but must be brought against
the state actors in their official capacity." Heinrich, 284 S.W.3d at 373; see Saenz, 319 S.W.3d at
920 (explaining that ultra vires suits bind State through its agent and may seek prospective injunctive
or declaratory relief to restrain agent from violating statutory or constitutional provisions); Mr. W.
Fireworks, Inc. v. Comal County, No. 03-06-00638-CV, 2010 Tex. App. LEXIS 2384, at *10 (Tex.
App.--Austin Mar. 31, 2010, no. pet.) (mem. op.) (explaining that ultra vires claims are not barred
"because the claim alleges not that a governmental officer erred in exercising his or her discretion,
but rather that the officer acted without legal authority or failed to perform a purely ministerial act"). (1)


 The supreme court expanded upon this holding in Reconveyance. In that case, 
Reconveyance filed a declaratory judgment action asserting that the Department of Insurance (the
"Department") "acted beyond its statutory authority in attempting to prevent Reconveyance from
offering its services through title agencies." 306 S.W.3d at 258. In response, the Department filed
a plea to the jurisdiction, which the trial court denied. Id. Ultimately, the supreme court concluded
that the plea should have been granted. Id. at 259. In reaching this decision, the court determined
that although Reconveyance did not assert that the Department acted ultra vires, the requested
declarations were "in substance ultra vires claims." Id. Moreover, because Reconveyance only sued
the Department instead of suing "Department officials acting in their official capacities," the court
held that the Department retained "its sovereign immunity" and dismissed the suit for want of
jurisdiction. Id.

 In light of the supreme court's decision in Heinrich, the Board asserts that the
auditors' declaratory judgment action should be dismissed because the auditors only sued the Board
and did not name any Board officials in their suit. (2) See Saenz, 319 S.W.3d at 920 (explaining that
to pursue "valid ultra vires claim, the claimant" must assert that government official acted without
legal authority or did not perform ministerial act). 

 In determining whether the auditors' suit is barred by sovereign immunity, we must
determine whether the auditors were pursuing ultra vires claims. In their petition, the auditors sought
six declarations claiming that the Board exceeded its authority in engaging in certain actions and that
the Board's actions were contrary to governing statutory and constitutional provisions. Specifically,
the auditors sought the following declarations in their petition:


(1) The Open Meetings Act does not permit the Board to deliberate during a private
executive session about whether to adopt a proposal for decision, and any order
adopted through that type of deliberation is void;


(2) The Board lacks the statutory authority to discipline an accountant for a good
faith performance of services if the accountant's conduct does not rise to the level of
gross negligence;


(3) The Board's adoption of generally accepted auditing standards and accounting
principles as a disciplinary standard is unconstitutional and violates other applicable
laws;

 

(4) Fees paid by the Board to an expert witness who testified at a SOAH hearing are
not "direct administrative costs" and, accordingly, may not be recovered as "fines"
or "direct administrative costs";


(5) The Consent Order between the Board and Arthur Andersen regarding services
rendered to Enron and its affiliates bars any subsequent individual disciplinary action
against former Arthur Andersen accountants for work they performed in relation to
Enron; and


(6) The Board lacks the statutory authority to discipline an accountant regarding 
work performed before the accountant was certified and licensed by the Board.



Although each requested declaration is written broadly, the petition reveals that the declarations were
sought in response to actions taken by the Board when it reviewed the auditors' cases that the
auditors insist are beyond or outside the scope of the Board's authority. Accordingly, the auditors'
requested declarations are "in substance" ultra vires claims. See Reconveyance Servs., 306 S.W.3d
at 258-59 (determining party's claims were, "in substance," ultra vires claims because they were
based on allegations that agency acted "beyond its statutory authority"); University Interscholastic
League v. Southwest Officials Ass'n, 319 S.W.3d 952, 964 (Tex. App.--Austin 2010, no pet.)
(concluding that declaratory and injunctive relief sought were ultra vires claims because they alleged
that governmental agency exceeded its scope of authority by attempting to regulate and tax
independent profession); Mr. W. Fireworks, Inc. v. Comal County, No. 03-06-00638-CV, 2010 Tex.
App. LEXIS 2384, at *9-10 (Tex. App.--Austin Mar. 31, 2010, no. pet.) (mem. op.) (holding that
plaintiff's claims were ultra vires because plaintiff sought declaration that various orders violated
governing statutory act). 

 Because the auditors have raised ultra vires claims, they should have brought their
declaratory judgment against the relevant government officials in their official capacities. However,
the auditors only filed their suit against the Board. For that reason, their claims are barred by
sovereign immunity. See Reconveyance Servs., 306 S.W.3d at 259; Heinrich, 284 S.W.3d at 373. 
Moreover, although in certain circumstance plaintiffs are given an opportunity to replead when their
pleadings do not establish jurisdiction, Holland, 221 S.W.3d at 642, "the opportunity to amend
pleadings to cure a jurisdictional defect has not been extended to the opportunity to substitute a
state-entity defendant with a state actor acting in an official capacity in an ultra vires claim that
would otherwise be barred by sovereign immunity," University Interscholastic League, 319 S.W.3d
at 965. See Reconveyance Servs., 306 S.W.3d at 259 (dismissing ultra vires suit for want of
jurisdiction where state entity, rather than state official, was sole defendant); see also Miranda,
133 S.W.3d at 227 (explaining that plea may be granted without affording opportunity to replead);
City of Dallas v. Turley, 316 S.W.3d 762, 771 (Tex. App.--Dallas 2010, pet. filed) (concluding that
trial court erred in denying plea to jurisdiction filed by City because landowners' "claims for
declaratory relief . . . do not challenge the validity of a city ordinance, and because the claims are
made against the City itself" rather than City official).

 In a post-submission letter brief, the auditors contend that even if this Court
determines that the Board's plea should have been partially granted under Heinrich, they insist that
the plea should not have been granted with respect to their third declaration. As mentioned above,
in their third request, the auditors sought a declaration regarding the Board's decision to adopt
various auditing standards and principles for disciplinary purposes. In their petition, the auditors
asserted that the Board's decision is unconstitutional and violates other relevant governing law 
because the standards and principles are general in nature, are not designed to provide disciplinary
guidance, and are unconstitutionally vague. Because the third declaration asserts a constitutional
claim, the auditors insist that they were not required under Heinrich to name specific governmental
officials. Accordingly, the auditors assert that sovereign immunity does not prohibit judicial
consideration of that declaration. 

 As support for their assertion regarding their third declaration, the auditors refer to
Texas Department of State Health Services v. Holmes, 294 S.W.3d 328 (Tex. App.--Austin 2009,
pet. denied). In that case, Holmes asserted that the Department of State Health Services (the
"Department") unconstitutionally deprived her of the ability to use her laser-hair-removal device in
her profession without affording her due process (e.g. notice and a hearing) and further argued that
the Department's actions constituted an impermissible taking. Id. at 331. When making her
constitutional claims, Holmes sought "declaratory and injunctive relief, including the release of her
laser device" and an injunction allowing her to use the laser while she pursued her administrative
remedies. Id. The Department filed a plea to the jurisdiction alleging that it was immune from suit,
which the trial court denied. Id. On appeal, this Court determined that Holmes's claims asserting
that the Department exceeded its statutory authority were barred by Heinrich; however, we also
concluded that the trial court did not err when it denied the portion of the Department's plea that
pertained to Holmes's takings and due process constitutional claims because "[s]overeign immunity
does not shield a governmental entity from a suit for equitable relief for a violation of constitutional
rights." Id. at 334-36; see City of Beaumont v. Bouillion, 896 S.W.2d 143, 149 (Tex. 1995). 

 The auditors' reliance on Holmes is misplaced. Although Holmes alleged due process
violations in her case, the underlying constitutional issue forming the basis for Holmes's due process
claim and the relief that she requested was her assertion that the Department's actions
unconstitutionally deprived her of the use of her property. In other words, Holmes was pursuing a
takings claim. See Tex. Const. art. I, § 17 (mandating that "[n]o person's property shall be taken,
damaged or destroyed for or applied to public use without adequate compensation being made"). 
The supreme court has recognized that takings claims are not prohibited by the doctrine of sovereign
immunity, Heinrich, 284 S.W.3d at 376, nor are they subject to the requirement of naming individual
governmental officials instead of a governmental entity, see State v. Brownlow, 319 S.W.3d 649, 653
(Tex. 2010) (affirming appellate court's reversal of trial court's decision to grant plea to jurisdiction
in takings case filed against "the State"). In light of the claims raised by Holmes and of the supreme
court's explicit recognition of an exemption from the doctrine of sovereign immunity for takings
claims, we believe that Holmes simply reaffirmed the proposition that takings claims are not barred
by sovereign immunity and applied that proposition to requests for injunctive relief that were based
on a takings claim. Although this Court may have generally stated that sovereign immunity does not
prohibit the granting of equitable relief for constitutional violations, we do not believe that Holmes
can properly be read as exempting from the requirements listed in Heinrich the types of
constitutional claims alleged by the auditors. (3) 

 Moreover, although the auditors claim that their third requested declaration survives
the Heinrich analysis because it raises a constitutional issue, the declaration sought by the auditors
is essentially an ultra vires claim. In their suit, the auditors challenge the Board's decision to use
generally accepted standards and principles when ascertaining whether auditors should be punished
for their actions. In other words, the auditors are essentially challenging whether Board members
exceed the limits of their authority by using those standards and principles; consequently, the
auditors were required to name specific governmental officials when asserting this claim. See
Heinrich, 284 S.W.3d at 377; see also Hendee v. Dewhurst, 228 S.W.3d 354, 368 (Tex.
App.--Austin 2007, pet. denied) (explaining that ultra vires suits include challenges asserting that 
state official's actions violated constitution). 

 Even assuming that the auditors' third declaration was not barred by sovereign
immunity, we would still conclude that the district court did not have jurisdiction to consider that
declaration. In its plea to the jurisdiction, the Board asserted that the auditors were improperly
attempting to pursue redundant remedies through their declaratory judgment action. That assertion
was based on the fact that prior to filing the declaratory judgment that is the subject of this appeal,
the auditors also pursued individual appeals of the disciplinary orders issued by the Board. In each
of the suits filed under the APA, the auditors asserted that the Board's decisions to adopt various
generally accepted auditing standards and accounting principles and to discipline the auditors
based on those guidelines were improper because those standards and principles are
unconstitutionally vague. Stated differently, the auditors asserted that the standards and principles
cannot serve as disciplinary benchmarks because they do not sufficiently identify what conduct
constitutes a violation. 

 Although the auditors insist that the constitutional relief sought in the declaratory
judgment action is not redundant to the constitutional relief sought in the suits under the APA
because the declaratory relief sought is broader and would apply to "any accountant for violations
of professional standards," the constitutional relief sought through the declaratory judgment action
is essentially duplicative of the relief that they sought through judicial review of the Board's orders
and that is available under the APA. See Tex. Gov't Code Ann. § 2001.174(2)(A) (allowing
aggrieved party to seek reversal of agency "findings, inferences, conclusions, or decisions" because
they are "in violation of a constitutional or statutory provision"). Moreover, resolution of the relief
requested in the APA suits will settle the dispute between the auditors and the Board. 

 Because the auditors' third declaration impermissibly seeks redundant remedies,
Texas Liquor Control Bd. v. Canyon Creek Land Corp., 456 S.W.2d 891, 895 (Tex. 1970)
(explaining that "[a]s a general rule, an action for declaratory judgment will not be entertained if
there is pending, at the time it is filed, another action or proceeding between the same parties and
in which may be adjudicated the issues involved in the declaratory action"); see also BHP Petroleum
Co. v. Millard, 800 S.W.2d 838, 841 (Tex. 1990) (noting that declaratory judgment action may not
be used to settle dispute already pending before court), we would still conclude that the district court
erred by failing to grant the Board's plea to the jurisdiction as it pertains to the third declaration even
if the claim were not otherwise barred by sovereign immunity, see Texas Mun. Power Agency v.
Public Util. Comm'n, 260 S.W.3d 647, 650 (Tex. App.--Austin 2008, no pet.) (affirming trial
court's granting of plea to jurisdiction when party sought declarations that were redundant to relief
sought through judicial review of agency order). 

 For the reasons previously given, we conclude that the district court did not have
jurisdiction over the auditors' declaratory action and, therefore, that the district court erred by
denying the Board's plea to the jurisdiction. 


CONCLUSION

 Having determined that the district court erred by failing to grant the Board's plea,
we reverse the district court's order and dismiss this suit for want of jurisdiction. 



 __________________________________________

 David Puryear, Justice

Before Justices Patterson, Puryear, and Pemberton;

 Justice Patterson Not Participating

Dismissed for Want of Jurisdiction

Filed: January 14, 2011
1. In their brief, the auditors contend that City of El Paso v. Heinrich, 284 S.W.3d 366 (Tex.
2009), has no applicability to the present case because, according to the auditors, the analysis in
Heinrich only applies to suits in which the plaintiffs are seeking damages through their declaratory
judgment action. Because they are not seeking money through their requested declarations, the
auditors asset that they were not required to name any governmental official in their suit. 


 Although the auditors correctly point out that Heinrich addressed a situation in which an
individual sought a declaration that she was entitled to money damages from a governmental entity,
nothing in the language from Heinrich explaining that ultra vires suits should be filed against
governmental officials rather than governmental entities indicates an intent by the supreme court to
provide the limitation asserted by the auditors. See id. at 372-73 (generally discussing ultra vires
suits and stating "that these suits cannot be brought against the state, which retains immunity, but
must be brought against the state actors in their official capacity"). Moreover, since Heinrich was
decided, the supreme court and this Court have applied the holding from Heinrich to declaratory
actions in which the plaintiffs were not seeking monetary damages from a governmental entity. See
Texas Dep't of Ins. v. Reconveyance Servs., Inc., 306 S.W.3d 256 (Tex. 2010) (applying analysis
from Heinrich to case in which party sought declaration that it may charge fee to individuals
purchasing new homes); Texas Dep't of Licensing & Regulation v. Roosters MGC, LLC,
No. 03-09-00253-CV, 2010 Tex. App. LEXIS 4392 (Tex. App.--Austin June 10, 2010, no pet.)
(mem. op.) (employing Heinrich analysis in case in which party sought declaration that occupations
code does not prohibit licensed cosmetologists from using safety razors for shaving customers'
faces); see also Texans Uniting for Reform & Freedom v. Saenz, 319 S.W.3d 914, 921 (Tex.
App.--Austin 2010, no pet.) (explaining that although prior precedent indicated that declaratory
judgment actions may waive sovereign immunity, "recent Texas Supreme Court decisions have
clarified that the . . . waiver [against governmental entities] is limited to suits challenging the validity
of certain governmental ordinances or statutes"). 
2. The auditors assert that we cannot consider the Board's argument under Heinrich (that
sovereign immunity bars the auditors' claims because they name only the Board and not officials as
defendants) because that ground was not "contained in the plea to the jurisdiction filed below." 
When making this assertion, the auditors emphasize that the Board appeals from an interlocutory
order denying its plea to the jurisdiction that is made appealable by section 51.014(a)(8) of the civil
practice and remedies code. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West 2008)
(allowing interlocutory appeal of grant or denial of plea to jurisdiction filed by governmental entity). 
They further rely on case law holding that an appellate court's jurisdiction under section 51.014(a)(8)
is limited solely to determining whether or not the trial court erred in granting or denying the plea
on the grounds actually presented to the trial court and, thus, does not extend to considering any
additional grounds raised for the first time on appeal. See, e.g., Austin Indep. Sch. Dist. v. Lowery,
21 S.W.3d 827, 834 (Tex. App.--Austin 2006, pet. denied). 


 At least under the circumstances present here, we conclude that we do possess jurisdiction
to address the Board's assertions relating to Heinrich and the proper defendants in an ultra vires suit
even if that ground was not raised in the Board's plea to the jurisdiction. In Reconveyance, the
supreme court applied the holding from Heinrich to the then pending interlocutory appeal of a denial
of a plea to the jurisdiction despite the fact that the plea at issue made no jurisdictional assertion
regarding improperly named parties or even a general assertion of sovereign immunity. See
Reconveyance Servs., 306 S.W.3d at 258-59; see also Roosters, 2010 Tex. App. LEXIS 4392, at *8-10 (reversing trial court's denial of plea to jurisdiction under Heinrich and Reconveyance after noting
that Reconveyance was not issued until after trial court made its decision and after case was orally
argued before this Court). Although the supreme court did not specifically outline the confines of
this exception to the general rule prohibiting consideration during an interlocutory appeal of
arguments not presented to or considered by a trial court, it is worth noting that unlike more typical
interlocutory appeals, the pleadings in this case and in Reconveyance demonstrated fundamental
jurisdictional flaws that could not be cured--a purported ultra vires suit against a state agency that
is barred by sovereign immunity, a jurisdictional defect that Reconveyance (as discussed above)
deems incurable. The flaws, moreover, were apparent from the style of the cases and from the
allegations made. No development of facts or application of governing law to those facts needed to
be performed. Accordingly, the foundational appellate requirement necessitating preliminary
consideration of issues by trial courts and justifying the typically limited nature of an interlocutory
appeal would not seem to have much, if any, applicability to the situation presented in this case and
in Reconveyance. 
3. When making the assertion in Holmes that sovereign immunity is not a bar to suits seeking
equitable relief for constitutional violations, this Court cited to City of Beaumont v. Bouillion, 896
S.W.2d 143, 149 (Tex. 1995). See Texas Dep't of State Health Servs. v. Holmes, 294 S.W.3d 328,
334 (Tex. App.--Austin 2009, pet. denied) (citing Bouillion, 896 S.W.2d at 149). As a preliminary
matter, we note that the court in Bouillion was not addressing what parties need to be named in a suit
in order to overcome the bar of sovereign immunity; rather, the supreme court was asked to
determine whether there is an "implied private right of action for damages arising under the free
speech and free assembly sections of the Texas Constitution." Bouillion, 896 S.W.2d at 147. 
Ultimately, the supreme court determined that there is no implied right. Id. at 150. 


 In reaching this conclusion, the supreme court distinguished between suits seeking to declare
a statute unconstitutional and, therefore, void and suits seeking damages as a remedy for an allegedly
unconstitutional act and then concluded that the second type of suit is not permissible. Id. at 149. 
Immediately after making this distinction, the supreme court stated that "suits for equitable remedies
for violation of constitutional rights are not prohibited," id., but the court made no comment
regarding whether governmental entities or officials should be named in the suits seeking equitable
relief for constitutional violations. In addition, although the court broadly stated that suits seeking
equitable relief are not prohibited, the court did not identify what types of remedies qualify as
permissible equitable relief. Given that the "equitable remedies" statement is found immediately
after the discussion regarding suits to determine the validity of a statute, it would seem that the
supreme court has acknowledged that those types of suits are not barred by sovereign immunity. The
supreme court has reaffirmed that proposition since Bouillion. See, e.g., Heinrich, 284 S.W.3d at
373 n.6 (explaining that State has waived sovereign immunity for suits seeking declarations
regarding validity of statutes and that in those types of suits, party must name relevant governmental
entities). In their third declaration, the auditors are not seeking to challenge the validity of any
statute. 


 After Bouillion was decided, the supreme court revisited their "equitable remedies" statement
and concluded that a suit for injunctive relief stemming from alleged constitutional violations may
be filed against a governmental entity. See City of Elsa v. M.A.L., 226 S.W.3d 390, 391-92 (Tex.
2007). The propriety of that conclusion in light of the holding in Heinrich is being considered in a
case currently before the supreme court. See City of Arlington v. Randall, No. 10-0030. Even
assuming that the holding from City of Elsa is upheld, that holding is not applicable here. The
auditors are not pursuing injunctive relief in this case. Moreover, nothing in the language from
Bouillion or City of Elsa persuades us that the type of non-statutory and non-injunctive declaration
sought by the auditors is exempt from the requirements of Heinrich.