ACCEPTED
15-25-00119-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
8/18/2025 11:05 PM
CHRISTOPHER A. PRINE
CLERK

NO.15-25-00119-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
8/18/2025 11:05:49 PM
CHRISTOPHER A. PRINE
Clerk

**JEANETTE JIMMERSON OF THE TEXAS MILITARY -TEXAS STATE GUARD, DARREN FITZGERALD OF THE TEXAS MILITARY - TEXAS STATE GUARD, JOE CAVE OF THE TEXAS MILITARY DEPARTMENT -TEXAS STATE GUARD and TEXAS MILITARY DEPARTMENT -TEXAS STATE GUARD**

*Appellants*

**V.**

**SAN JUANITA MEDELES**

*Appellee*

)

)

)

**IN THE FIFTEENTH COURT OF APPEAL**

RECEIVED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
8/18/2025 11:05:49 PM
CHRISTOPHER A. PRINE
Clerk

**OF TRAVIS COUNTY, TEXAS**

**APPELLEE'S SUR-REPLY BRIEF**

**(In Response to New Issues Raised in Appellants' Reply Brief)**

TO THE HONORABLE JUSTICES OF THE COURT:

San Juanita Medeles, Appellee, respectfully submits this Sur-Reply Brief, pursuant to the Court's order permitting further briefing to address new arguments and misrepresentations presented for the first time in Appellants' Reply Brief. For the reasons set forth herein, Appellants' Reply lacks legal or factual merit and should be denied in its entirety.

## I. SUMMARY OF ARGUMENT

Appellants' Reply Brief introduces new and improper arguments concerning timeliness, mootness, and declaratory relief that were never briefed in the trial court—nor supported by binding authority. For the first time, Appellants attempt to manufacture a procedural technicality as a basis to evade well-founded claims. This effort is not only unavailing under Texas law but

further underscores the Appellants' continuing attempt to avoid judicial scrutiny of their undisputed misconduct. Equally concerning, Appellants failed to answer key allegations and have now twice been denied their plea to the jurisdiction, signaling strongly that their procedural posturing is an attempt to avoid a full and fair airing of the merits of Appellee's claims.

## II. **REBUTTAL OF NEWLY RAISED ISSUES**

### A. Appellants' Jurisdictional Timeline Argument Contradicts Texas Law

Appellants devote substantial attention to the supposed clarity of § 51.014, yet their argument overlooks both the text of Texas Civil Practice and Remedies Code and governing case law. Contrary to the Appellants' assertions, the Texas Supreme Court has repeatedly emphasized that interlocutory appeals are to be strictly construed; the deadlines and statutory limits imposed by the Legislature are not mere technicalities but go to the jurisdiction of the court. See *Bonsmara Nat. Beef Co., LLC v. Hart of Texas Cattle Feeders, LLC*, 603 S.W.3d 385, 402 (Tex. 2020); *City of Houston v. Rhule*, 377 S.W.3d 734 (Tex. App. 2012). This Court should defer to the trial court's factual findings unless there is a clear showing of abuse of discretion, which is not even alleged here.

Although Appellants argue that no strict 180-day deadline is imposed by § 51.014(c), they fail to address the reality that, throughout the trial court proceedings, they never raised, briefed, or secured a definitive ruling on many of the timeliness questions now before this Court. Moreover, Appellants did not move promptly for relief upon the denial of their first plea to the jurisdiction, thereby contributing to the procedural posture they now seek to exploit. Delay cannot be rewarded where the equities and the established record show Appellee has diligently pressed her claims.

Moreover, rule-based deadlines are designed to promote judicial efficiency and not to afford a party indefinite or discretionary access to interlocutory review. See *City of Dallas v. Albert*, 140 S.W.3d 920

### B. Mootness Doctrine Does Not Apply—Substantial Controversies Remain

Appellants claim that Appellee's action is moot due to the unilateral post-litigation modification of her discharge status, stripping her case of any live controversy. This contention is mistaken for both factual and legal reasons.

First, Texas law is clear: "A case becomes moot if a controversy ceases to exist or the parties lack a legally cognizable interest in the outcome." *Heckman v. Williamson County,* 369 S.W.3d 137, 55 Tex. Sup. Ct. J. 803 (Tex. 2012). But crucially, "Governments should not be able to evade judicial review…by temporarily altering their behavior." Id. at 162–63. The Supreme Court held in Heckman, "a party's unilateral action does not invariably render a case moot unless it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur."

Appellee's "injury"—including reputational harm, due process deprivation, and ongoing employment repercussions—was not corrected in full, and the Texas Military Department's "voluntary cessation" came only after litigation commenced. As *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005), cautions: "the voluntary cessation of the challenged action does not, in itself, moot a case." Rather, a case is only moot if it is "absolutely clear that the challenged conduct could not reasonably be expected to recur."

Second, Appellants' own admissions and changes to Appellee's status confirm that the challenged conduct could recur and has not been rendered "absolutely clear" or incapable of repetition. The professional and legal consequences for Appellee remain unresolved, with her service record and future career prospects still clouded by the process that TMD itself repudiated only after being sued.

### C. Appellee's Claim for Declaratory Relief Is Justiciable and Supported by Texas Authority

The Appellants acknowledged in the record that they imposed a discharge status requiring a court-martial without providing that process. This is the quintessential ultra vires act subject to judicial review. The Texas Supreme Court has repeatedly affirmed that sovereign immunity does not bar claims to compel state officials to conform their conduct to the law: "Sovereign immunity does not preclude prospective declaratory or injunctive relief against state officials who act without legal authority"[*Texas Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621–22 (Tex. 2011); *City of Elsa v. M.A.L.*, 226 S.W.3d 390, 392 (Tex. 2007)].

As the Court stated in *City of Elsa*: "Governmental entities may be sued for injunctive relief under the Texas Constitution." Appellants' post-facto "correction" was reactive, not remedial: Appellee still suffers from the original wrongful action, which is not cured by half-measures.

Appellants also contend that all requests for declaratory relief are advisory, as if Appellee seeks only hypothetical statements. On the contrary, Appellee's pleadings, consistent with Texas law, seek concrete, real-world remedies: (1) expungement of wrongful governmental action; (2) reinstatement; and (3) correction of her service record due to ultra vires conduct.

Appellants argue, incorrectly, that the UDJA is unavailable to Appellee because of an alleged lack of contractual nexus. In Texas Ass'n of Bus. v. Texas Air Control Bd., the Texas Supreme Court clarified, "The UDJA is available to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relation… The UDJA is not limited to contractual disputes". Furthermore, the Court reiterated, "A declaratory judgment is appropriate only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought"[*Bonham State Bank v. Beadle,* 907 S.W.2d 465, 467 (Tex. 1995)].

The Uniform Declaratory Judgments Act "is remedial and is to be liberally construed" to provide relief from "uncertainty and insecurity" regarding legal rights. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 444 (Tex. 1993). A declaratory judgment is not advisory if the plaintiff is "'directly aggrieved by the conduct of which [s]he complains'"—even when the

alleged governmental wrongdoing has been "retracted" after suit was filed. Id.; see also *City of Elsa v. M.A.L.*, 226 S.W.3d 390, 391–92 (Tex. 2007) (per curiam) ("When the challenged conduct could recur at the discretion of the defendant, the case is not moot.").

Here, Appellee's dispute alleges ongoing harm and incomplete restoration of rights and status; thus, the controversy remains live and is precisely the type of situation that the UDJA is equipped to address.

Furthermore, as the Texas Supreme Court explained in *University of Texas Sw. Med. Ctr. at Dallas v. Loutzenhiser,* 140 S.W.3d 351, 357–58 (Tex. 2004): "A declaratory judgment is appropriate when a real controversy exists between the parties and that controversy will be resolved by the declaration sought." Appellant's position misreads both Appellee's requested relief and settled law.


III. **The Appellants' Failure to File an Answer or to Join Issue on the Merits**

Rather than joining issue on the facts or defending the fairness of their actions on the merits, Appellants have repeatedly avoided a substantive answer—opting instead for serial pleas to the jurisdiction, now denied twice by the trial court. Appellants accuse Appellee of delay, yet it is Appellants who, by failing to file any substantive factual answer and by pursuing repetitive jurisdictional challenges, have blocked progress and sought to insulate themselves from a merits determination.

Similarly, as the Supreme Court made clear in *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 229 (Tex. 2004), the jurisdictional inquiry must not be a tool for evasion of a full and fair airing of disputed facts, especially when "the pleadings and evidence raise a fact issue regarding jurisdiction." Here, the trial court's repeated denial of Appellants' jurisdictional pleas underscores that there are substantial, unresolved fact issues suitable only for trial.


## IV. THE APPELLANTS' ADMISSION OF WRONGDOING AND THE ABSENCE OF A GOOD FAITH DEFENSE

Appellants have already admitted by conduct—unilaterally amending Appellee's discharge status post-litigation—that their original discharge was ultra vires. "Actions taken without legal authority are not protected by immunity," *Heinrich v. City of Houston*, 284 S.W.3d 366, 378 (Tex. 2009). Post hoc administrative "corrections" do not erase liability for harm already done; instead, they confirm the existence of the ultra vires claim and bolster Appellee's standing to demand judicial relief.

As the Supreme Court made clear in Heckman: "Merely voluntarily ceasing a challenged action does not deprive a court of the power to determine the legality of the practice." 369 S.W.3d at 162.

## V. **APPELLANTS FAIL TO REBUT ALLEGATIONS OF RETALIATION AND DUE PROCESS VIOLATIONS**

Appellants have not addressed—or have flatly ignored—multiple allegations of retaliation, violations of due process, and the concrete consequences suffered by Appellee. The failure to provide a sufficient answer in the district court and the failure to rebut with record evidence further underscores the weakness of Appellants' merits. As the Supreme Court has indicated, procedural missteps and failure to join issues on critical points weigh heavily against the party seeking to overturn adverse trial court findings[*City of Desoto v. White*, 288 S.W.3d 389, 393 (Tex. 2009)].

## VI. **CONCLUSION AND PRAYER**

In sum, Appellants' Reply Brief is devoid of merit, founded on mischaracterizations of both the facts and controlling Texas law, and continues a pattern of procedural avoidance. The denial of the plea to jurisdiction by the lower court was correct and should be affirmed. The Court should set this case for trial on the merits, where the facts—admitted or undisputed—can finally be adjudicated.

Appellee respectfully prays that this Honorable Court:
1. Deny Appellants' attempted interlocutory appeal;
2. Affirm the denial of the plea to jurisdiction;
3. Remand this case to the trial court for consideration on the merits; and
4. Grant any further relief at law or in equity to which Appellee may show herself justly entitled.

---

Dated: August 18, 2025

Respectfully submitted,

TARA P. ENAHORO, ESQ.

TPC Enahoro Law Group, PLLC

1642 Crescent Drive

Tarrytown, NY 10591

Tel: (212) 470-4080

tara@tpcenahorolaw.com

Texas Bar No. 24136188

Attorney for Appellee, San Juanita Medeles

**CERTIFICATE OF SERVICE**

I certify that on August 18, 2025, a true and correct copy of the foregoing Motion for Leave to File Sur-Reply Brief was served via the Court's electronic filing system on:

Denver Burris

Assistant Attorney General

Office of the Attorney General

P.O. Box 12548, Capitol Station

Austin, TX 78711-2548

denver.burris@oag.texas.gov

Counsel for Appellants

**CERTIFICATE OF COMPLIANCE**

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I certify that this motion contains 1,943 words, excluding the caption, signature blocks, certificates, and headings. This document complies with the type-volume limitation and formatting requirements under the Texas Rules of Appellate Procedure.

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Tara Enahoro  on behalf of TARA ENAHORO
Bar No. 24136188
tara@tpcenahorolaw.com
Envelope ID: 104531764
Filing Code Description: Other Brief
Filing Description: Sur reply
Status as of 8/19/2025 7:07 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michelle Norred | | michelle.norred@oag.texas.gov | 8/18/2025 11:05:49 PM | SENT |
| Denver Burris | | Denver.Burris@oag.texas.gov | 8/18/2025 11:05:49 PM | SENT |
| denver burris | | denver.burris@oag.texas.gov | 8/18/2025 11:05:49 PM | SENT |
| Tara Enohoro | | tara@tpcenahorolaw.com | 8/18/2025 11:05:49 PM | SENT |
| Tara  Peaches Enahoro | | tara@tpcenahorolaw.com | 8/18/2025 11:05:49 PM | SENT |