# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00251-CV

**Texas State Board of Public Accountancy, Appellant**

**v.**

**Carl Bass, Thomas Bauer and Patricia Grutzmacher, Appellees**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT
NO. D-1-GN-09-000088, HONORABLE RHONDA HURLEY, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Carl Bass, Thomas Bauer, and Patricia Grutzmacher (cumulatively the "auditors") filed a declaratory judgment action seeking various declarations regarding the authority of the Texas State Board of Public Accountancy (the "Board") and concerning various actions taken by the Board when it decided to discipline the auditors. In response, the Board filed a plea to the jurisdiction, but the district court denied the plea. After the district court made its determination, the Board filed this interlocutory appeal and asserts that the district court erred because the auditors' suit is barred by sovereign immunity. In addition, the Board contends that the district court erred because the auditors are seeking the same relief through an appeal of the Board's determination under the Administrative Procedure Act (the "APA"). *See* Tex. Gov't Code Ann. §§ 2001.001-.902 (West 2008 & Supp. 2010). We will reverse the district court's determination and dismiss this case for want of jurisdiction.

# BACKGROUND

Carl Bass, Thomas Bauer, and Patricia Grutzmacher are former employees of Arthur Andersen LLP. At the time relevant to this appeal, Bass and Bauer were partners at Arthur Andersen and were certified public accountants, and Grutzmacher was a manager at Arthur Andersen but was not a certified public accountant. Grutzmacher later became a certified public accountant. All three participated in an audit of Enron Corporation's financial statements.

In response to Enron's collapse, the Board investigated the audits performed by the auditors and initiated disciplinary action. Shortly thereafter, a contested-case hearing was held at the State Office of Administrative Hearings ("SOAH") before two administrative law judges. *See* Tex. Occ. Code Ann. § 901.508 (West 2004) (explaining that if Board indicates that it will be taking disciplinary action against individual, he is entitled to hearing); 22 Tex. Admin. Code § 519.40 (2010) (appointing SOAH as fact finder for hearings under section 901.508 but explaining that Board retains right to determine sanctions and make final decision).

After the hearing concluded, the judges issued proposals for decision in which they concluded that all three auditors were "able auditors"; however, the judges also found that the auditors had made serious mistakes in their audit of Enron. In particular, the judges explained that the auditors failed to discover a secret side agreement entered into by various Enron executives. In addition, the judges found that Bass and Bauer violated several generally accepted auditing standards and accounting principles and that Grutzmacher failed to conform her conduct to the standards and principles. Finally, the judges determined that because Bass had final responsibility regarding the audits, he should bear responsibility for his approval of Bauer's and Grutzmacher's improper work.

2

In addition to these determinations, the judges also issued recommendations regarding punitive actions that should be taken against the auditors. Regarding Bass and Bauer, the judges recommended that they be allowed to continue practicing public accountancy but that they should be admonished. Regarding Grutzmacher, the judges recommended dismissing all of the charges against her. Essentially, the judges reasoned that the Board did not have jurisdiction to impose sanctions on Grutzmacher because she was not licensed at the time that the audits were conducted.

After receiving and considering the judges' proposals, the Board issued its decisions. While the Board adopted most of the findings and conclusions proposed by the judges, the Board also modified several of the judges' proposals. For example, the judges determined that the Board had no jurisdiction over Grutzmacher, but the Board disagreed and concluded that it had jurisdiction to impose penalties on Grutzmacher for her handling of the Enron audit. In addition, the Board revoked Bass's and Bauer's professional certificates and suspended Grutzmacher's certificate and license for three years but probated the penalty. *See* Tex. Occ. Code Ann. § 901.501 (West 2004) (bestowing certain disciplinary powers on Board, including power to revoke and suspend licenses and certificates). The Board also imposed administrative costs and monetary penalties against Bass and Bauer. *See id.* § 901.501(a)(9)-(11).

Once the Board issued its determination, the auditors sought individual judicial review of the Board's decisions. *See* Tex. Occ. Code Ann. § 901.556(a) (West 2004) (allowing person to appeal Board decision); *see also* Tex. Gov't Code Ann. § 2001.174 (West 2008) (stating that if law allowing judicial review does not specify scope of review, then scope is substantial evidence review). The district court reviewed those cases, and the district court's decisions are the

3

subject of another appeal with this Court. *See Texas State Bd. of Pub. Accountancy*, No. 03-10-00276-CV; *Texas State Bd. of Pub. Accountancy v. Grutzmacher*, No. 03-10-00277-CV; *Texas State Bd. of Pub. Accountancy v. Bauer*, No. 03-10-00278-CV.

After initially seeking judicial review of the Board's decisions, the auditors also filed a suit under the Uniform Declaratory Judgments Act. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-37.011 (West 2008). In that case, the auditors sought various declarations relating to the Board's authority and regarding the propriety of various actions taken by the Board when it decided to discipline the auditors. In response to the auditors' declaratory action, the Board filed a plea to the jurisdiction asserting that the APA provides the exclusive method for challenging determinations made by the Board. *See* Tex. Gov't Code Ann. §§ 2001.001-.902. In light of that assertion, the Board characterized the auditors' declaratory action as an improper attempt to pursue redundant remedies that are available to them under the APA. After conducting a hearing, the district court denied the plea.

Once the district court denied its plea, the Board filed the interlocutory appeal that is the subject of this appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West 2008) (allowing party to appeal denial of plea to jurisdiction filed by governmental unit).

## STANDARD OF REVIEW

Pleas to the jurisdiction asserting sovereign immunity challenge a trial court's subject matter jurisdiction. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224-25 (Tex. 2004). Subject matter jurisdiction is a question of law that appellate courts review de novo. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007). In reviewing the plea, courts look to the "plaintiff's

4

petition to determine whether the facts pled affirmatively demonstrate that jurisdiction exists." *Id.*

"If the pleadings are insufficient to establish jurisdiction but do not affirmatively demonstrate an

incurable defect, the plaintiff should be afforded the opportunity to replead." *Id.* at 643. However,

if "the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may

be granted without allowing the plaintiffs an opportunity to replead." *Miranda*, 133 S.W.3d at 227.

## DISCUSSION

In this appeal, the Board raises two issues. First, the Board insists that the auditors'

declaratory action is barred by sovereign immunity. Second, the Board argues that the auditors'

claims are barred by the doctrine of redundant remedies.

*Sovereign Immunity and Redundant Remedies*

As mentioned above, the Board contends that the auditors' claims in this case are

barred by sovereign immunity. "Absent waiver by the legislature, sovereign immunity generally

deprives courts of subject-matter jurisdiction over suits against the State, its agencies, or officers or

employees acting within their official capacity." *Texans Uniting for Reform & Freedom v. Saenz*,

319 S.W.3d 914, 920 (Tex. App.—Austin 2010, no pet.). Sovereign immunity protects the State

from private suits filed in its own courts unless the State consents to suit. *Miranda*, 133 S.W.3d at

224; *see University of Tex. at El Paso v. Herrera*, 322 S.W.3d 192, 195 (Tex. 2010). However, a

suit asserting that a government officer "acted without legal authority" and seeking to compel the

official "to comply with statutory or constitutional provisions" is an ultra vires suit that is not

protected by sovereign immunity. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009).

Those kinds of suits are not barred by sovereign immunity because they "do not attempt to exert control over the state." *Id.* Instead, the suits "attempt to reassert the control of the state." *Id.*; *Saenz*, 319 S.W.3d at 920.

The supreme court recently expounded upon sovereign immunity in ultra vires cases in *City of El Paso v. Heinrich* and *Texas Department of Insurance v. Reconveyance Services, Inc.* 284 S.W.3d 366 (Tex. 2009); 306 S.W.3d 256 (Tex. 2010) (respectively). In *Heinrich*, the widow of a slain police officer filed a declaratory judgment action against the City of El Paso when the City reduced the amount of the monthly survivor benefits that it had been paying to the widow. 284 S.W.3d at 369. In her suit, the widow "sought declaratory relief and an injunction." *Id.* The City filed a plea to the jurisdiction arguing that they were shielded by "governmental immunity." *Id.*; *see also Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006) (explaining that political subdivisions of State, including cities, are entitled to immunity similar to sovereign immunity that is called governmental immunity).

The supreme court determined that "while governmental immunity generally bars suits for retrospective money relief, it does not preclude prospective injunctive remedies in official-capacity suits against government actors who violate statutory or constitutional provisions." *Heinrich*, 284 S.W.3d at 368-69. Nevertheless, the court also determined that "governmental entities themselves—as opposed to officers in their official capacity—remain immune from suit" unless the suit is a challenge to the validity of a statute or ordinance. *Id.* at 372-73; *see Saenz*, 319 S.W.3d at 920 (explaining that if declaratory judgment action is not filed against government officials, suit implicates "sovereign immunity because it seeks to control state action"); *see also Texas Lottery*

6

*Comm'n v. First State Bank of DeQueen*, No. 08-0523, 2010 Tex. LEXIS 690, at *12 (Tex. Oct. 1, 2010) (concluding that because claim did not address government officer's actions and instead only challenged statute, it was "not an *ultra vires* claim to which a government officer should have been made a party").

In other words, for claims seeking to restrain actions that allegedly violate or exceed authority under an ordinance or statute rather than challenging the validity of the ordinance or statute, the suit "cannot be brought against the state, which retains immunity, but must be brought against the state actors in their official capacity." *Heinrich*, 284 S.W.3d at 373; *see Saenz*, 319 S.W.3d at 920 (explaining that ultra vires suits bind State through its agent and may seek prospective injunctive or declaratory relief to restrain agent from violating statutory or constitutional provisions); *Mr. W. Fireworks, Inc. v. Comal County*, No. 03-06-00638-CV, 2010 Tex. App. LEXIS 2384, at *10 (Tex. App.—Austin Mar. 31, 2010, no. pet.) (mem. op.) (explaining that ultra vires claims are not barred "because the claim alleges not that a governmental officer erred in exercising his or her discretion, but rather that the officer acted without legal authority or failed to perform a purely ministerial act").[1]

_____

[1] In their brief, the auditors contend that *City of El Paso v. Heinrich*, 284 S.W.3d 366 (Tex. 2009), has no applicability to the present case because, according to the auditors, the analysis in *Heinrich* only applies to suits in which the plaintiffs are seeking damages through their declaratory judgment action. Because they are not seeking money through their requested declarations, the auditors asset that they were not required to name any governmental official in their suit.

Although the auditors correctly point out that *Heinrich* addressed a situation in which an individual sought a declaration that she was entitled to money damages from a governmental entity, nothing in the language from *Heinrich* explaining that ultra vires suits should be filed against governmental officials rather than governmental entities indicates an intent by the supreme court to provide the limitation asserted by the auditors. *See id.* at 372-73 (generally discussing ultra vires suits and stating "that these suits cannot be brought against the state, which retains immunity, but must be brought against the state actors in their official capacity"). Moreover, since *Heinrich* was

7

The supreme court expanded upon this holding in *Reconveyance*. In that case, Reconveyance filed a declaratory judgment action asserting that the Department of Insurance (the "Department") "acted beyond its statutory authority in attempting to prevent Reconveyance from offering its services through title agencies." 306 S.W.3d at 258. In response, the Department filed a plea to the jurisdiction, which the trial court denied. *Id.* Ultimately, the supreme court concluded that the plea should have been granted. *Id.* at 259. In reaching this decision, the court determined that although Reconveyance did not assert that the Department acted ultra vires, the requested declarations were "in substance *ultra vires* claims." *Id.* Moreover, because Reconveyance only sued the Department instead of suing "Department officials acting in their official capacities," the court held that the Department retained "its sovereign immunity" and dismissed the suit for want of jurisdiction. *Id.*

In light of the supreme court's decision in *Heinrich*, the Board asserts that the auditors' declaratory judgment action should be dismissed because the auditors only sued the Board

decided, the supreme court and this Court have applied the holding from *Heinrich* to declaratory actions in which the plaintiffs were not seeking monetary damages from a governmental entity. *See Texas Dep't of Ins. v. Reconveyance Servs., Inc.*, 306 S.W.3d 256 (Tex. 2010) (applying analysis from *Heinrich* to case in which party sought declaration that it may charge fee to individuals purchasing new homes); *Texas Dep't of Licensing & Regulation v. Roosters MGC, LLC*, No. 03-09-00253-CV, 2010 Tex. App. LEXIS 4392 (Tex. App.—Austin June 10, 2010, no pet.) (mem. op.) (employing *Heinrich* analysis in case in which party sought declaration that occupations code does not prohibit licensed cosmetologists from using safety razors for shaving customers' faces); *see also Texans Uniting for Reform & Freedom v. Saenz*, 319 S.W.3d 914, 921 (Tex. App.—Austin 2010, no pet.) (explaining that although prior precedent indicated that declaratory judgment actions may waive sovereign immunity, "recent Texas Supreme Court decisions have clarified that the . . . waiver [against governmental entities] is limited to suits challenging the validity of certain governmental ordinances or statutes").

8

and did not name any Board officials in their suit.[2] *See Saenz*, 319 S.W.3d at 920 (explaining that

to pursue "valid ultra vires claim, the claimant" must assert that government official acted without

legal authority or did not perform ministerial act).

---

[2] The auditors assert that we cannot consider the Board's argument under *Heinrich* (that sovereign immunity bars the auditors' claims because they name only the Board and not officials as defendants) because that ground was not "contained in the plea to the jurisdiction filed below." When making this assertion, the auditors emphasize that the Board appeals from an interlocutory order denying its plea to the jurisdiction that is made appealable by section 51.014(a)(8) of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West 2008) (allowing interlocutory appeal of grant or denial of plea to jurisdiction filed by governmental entity). They further rely on case law holding that an appellate court's jurisdiction under section 51.014(a)(8) is limited solely to determining whether or not the trial court erred in granting or denying the plea on the grounds actually presented to the trial court and, thus, does not extend to considering any additional grounds raised for the first time on appeal. *See, e.g.*, *Austin Indep. Sch. Dist. v. Lowery*, 21 S.W.3d 827, 834 (Tex. App.—Austin 2006, pet. denied).

At least under the circumstances present here, we conclude that we do possess jurisdiction to address the Board's assertions relating to *Heinrich* and the proper defendants in an ultra vires suit even if that ground was not raised in the Board's plea to the jurisdiction. In *Reconveyance*, the supreme court applied the holding from *Heinrich* to the then pending interlocutory appeal of a denial of a plea to the jurisdiction despite the fact that the plea at issue made no jurisdictional assertion regarding improperly named parties or even a general assertion of sovereign immunity. *See Reconveyance Servs.*, 306 S.W.3d at 258-59; *see also Roosters*, 2010 Tex. App. LEXIS 4392, at *8-10 (reversing trial court's denial of plea to jurisdiction under *Heinrich* and *Reconveyance* after noting that *Reconveyance* was not issued until after trial court made its decision and after case was orally argued before this Court). Although the supreme court did not specifically outline the confines of this exception to the general rule prohibiting consideration during an interlocutory appeal of arguments not presented to or considered by a trial court, it is worth noting that unlike more typical interlocutory appeals, the pleadings in this case and in *Reconveyance* demonstrated fundamental jurisdictional flaws that could not be cured—a purported ultra vires suit against a state agency that is barred by sovereign immunity, a jurisdictional defect that *Reconveyance* (as discussed above) deems incurable. The flaws, moreover, were apparent from the style of the cases and from the allegations made. No development of facts or application of governing law to those facts needed to be performed. Accordingly, the foundational appellate requirement necessitating preliminary consideration of issues by trial courts and justifying the typically limited nature of an interlocutory appeal would not seem to have much, if any, applicability to the situation presented in this case and in *Reconveyance*.

In determining whether the auditors' suit is barred by sovereign immunity, we must determine whether the auditors were pursuing ultra vires claims. In their petition, the auditors sought six declarations claiming that the Board exceeded its authority in engaging in certain actions and that the Board's actions were contrary to governing statutory and constitutional provisions. Specifically, the auditors sought the following declarations in their petition:

(1) The Open Meetings Act does not permit the Board to deliberate during a private executive session about whether to adopt a proposal for decision, and any order adopted through that type of deliberation is void;

(2) The Board lacks the statutory authority to discipline an accountant for a good faith performance of services if the accountant's conduct does not rise to the level of gross negligence;

(3) The Board's adoption of generally accepted auditing standards and accounting principles as a disciplinary standard is unconstitutional and violates other applicable laws;

(4) Fees paid by the Board to an expert witness who testified at a SOAH hearing are not "direct administrative costs" and, accordingly, may not be recovered as "fines" or "direct administrative costs";

(5) The Consent Order between the Board and Arthur Andersen regarding services rendered to Enron and its affiliates bars any subsequent individual disciplinary action against former Arthur Andersen accountants for work they performed in relation to Enron; and

(6) The Board lacks the statutory authority to discipline an accountant regarding work performed before the accountant was certified and licensed by the Board.

Although each requested declaration is written broadly, the petition reveals that the declarations were sought in response to actions taken by the Board when it reviewed the auditors' cases that the auditors insist are beyond or outside the scope of the Board's authority. Accordingly, the auditors'

10

requested declarations are "in substance" ultra vires claims. *See Reconveyance Servs.*, 306 S.W.3d at 258-59 (determining party's claims were, "in substance," ultra vires claims because they were based on allegations that agency acted "beyond its statutory authority"); *University Interscholastic League v. Southwest Officials Ass'n*, 319 S.W.3d 952, 964 (Tex. App.—Austin 2010, no pet.) (concluding that declaratory and injunctive relief sought were ultra vires claims because they alleged that governmental agency exceeded its scope of authority by attempting to regulate and tax independent profession); *Mr. W. Fireworks, Inc. v. Comal County*, No. 03-06-00638-CV, 2010 Tex. App. LEXIS 2384, at *9-10 (Tex. App.—Austin Mar. 31, 2010, no. pet.) (mem. op.) (holding that plaintiff's claims were ultra vires because plaintiff sought declaration that various orders violated governing statutory act).

Because the auditors have raised ultra vires claims, they should have brought their declaratory judgment against the relevant government officials in their official capacities. However, the auditors only filed their suit against the Board. For that reason, their claims are barred by sovereign immunity. *See Reconveyance Servs.*, 306 S.W.3d at 259; *Heinrich*, 284 S.W.3d at 373. Moreover, although in certain circumstance plaintiffs are given an opportunity to replead when their pleadings do not establish jurisdiction, *Holland*, 221 S.W.3d at 642, "the opportunity to amend pleadings to cure a jurisdictional defect has not been extended to the opportunity to substitute a state-entity defendant with a state actor acting in an official capacity in an ultra vires claim that would otherwise be barred by sovereign immunity," *University Interscholastic League*, 319 S.W.3d at 965. *See Reconveyance Servs.*, 306 S.W.3d at 259 (dismissing ultra vires suit for want of jurisdiction where state entity, rather than state official, was sole defendant); *see also Miranda*,

11

133 S.W.3d at 227 (explaining that plea may be granted without affording opportunity to replead); *City of Dallas v. Turley*, 316 S.W.3d 762, 771 (Tex. App.—Dallas 2010, pet. filed) (concluding that trial court erred in denying plea to jurisdiction filed by City because landowners' "claims for declaratory relief . . . do not challenge the validity of a city ordinance, and because the claims are made against the City itself" rather than City official).

In a post-submission letter brief, the auditors contend that even if this Court determines that the Board's plea should have been partially granted under *Heinrich*, they insist that the plea should not have been granted with respect to their third declaration. As mentioned above, in their third request, the auditors sought a declaration regarding the Board's decision to adopt various auditing standards and principles for disciplinary purposes. In their petition, the auditors asserted that the Board's decision is unconstitutional and violates other relevant governing law because the standards and principles are general in nature, are not designed to provide disciplinary guidance, and are unconstitutionally vague. Because the third declaration asserts a constitutional claim, the auditors insist that they were not required under *Heinrich* to name specific governmental officials. Accordingly, the auditors assert that sovereign immunity does not prohibit judicial consideration of that declaration.

As support for their assertion regarding their third declaration, the auditors refer to *Texas Department of State Health Services v. Holmes*, 294 S.W.3d 328 (Tex. App.—Austin 2009, pet. denied). In that case, Holmes asserted that the Department of State Health Services (the "Department") unconstitutionally deprived her of the ability to use her laser-hair-removal device in her profession without affording her due process (e.g. notice and a hearing) and further argued that

12

the Department's actions constituted an impermissible taking. *Id.* at 331. When making her constitutional claims, Holmes sought "declaratory and injunctive relief, including the release of her laser device" and an injunction allowing her to use the laser while she pursued her administrative remedies. *Id.* The Department filed a plea to the jurisdiction alleging that it was immune from suit, which the trial court denied. *Id.* On appeal, this Court determined that Holmes's claims asserting that the Department exceeded its statutory authority were barred by *Heinrich*; however, we also concluded that the trial court did not err when it denied the portion of the Department's plea that pertained to Holmes's takings and due process constitutional claims because "[s]overeign immunity does not shield a governmental entity from a suit for equitable relief for a violation of constitutional rights." *Id.* at 334-36; *see City of Beaumont v. Bouillion*, 896 S.W.2d 143, 149 (Tex. 1995).

The auditors' reliance on *Holmes* is misplaced. Although Holmes alleged due process violations in her case, the underlying constitutional issue forming the basis for Holmes's due process claim and the relief that she requested was her assertion that the Department's actions unconstitutionally deprived her of the use of her property. In other words, Holmes was pursuing a takings claim. *See* Tex. Const. art. I, § 17 (mandating that "[n]o person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made"). The supreme court has recognized that takings claims are not prohibited by the doctrine of sovereign immunity, *Heinrich*, 284 S.W.3d at 376, nor are they subject to the requirement of naming individual governmental officials instead of a governmental entity, *see State v. Brownlow*, 319 S.W.3d 649, 653 (Tex. 2010) (affirming appellate court's reversal of trial court's decision to grant plea to jurisdiction in takings case filed against "the State"). In light of the claims raised by Holmes and of the supreme

13

court's explicit recognition of an exemption from the doctrine of sovereign immunity for takings claims, we believe that *Holmes* simply reaffirmed the proposition that takings claims are not barred by sovereign immunity and applied that proposition to requests for injunctive relief that were based on a takings claim. Although this Court may have generally stated that sovereign immunity does not prohibit the granting of equitable relief for constitutional violations, we do not believe that *Holmes* can properly be read as exempting from the requirements listed in *Heinrich* the types of constitutional claims alleged by the auditors.[3]

---

[3] When making the assertion in *Holmes* that sovereign immunity is not a bar to suits seeking equitable relief for constitutional violations, this Court cited to *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 149 (Tex. 1995). *See Texas Dep't of State Health Servs. v. Holmes,* 294 S.W.3d 328, 334 (Tex. App.—Austin 2009, pet. denied) (citing *Bouillion*, 896 S.W.2d at 149). As a preliminary matter, we note that the court in *Bouillion* was not addressing what parties need to be named in a suit in order to overcome the bar of sovereign immunity; rather, the supreme court was asked to determine whether there is an "implied private right of action for damages arising under the free speech and free assembly sections of the Texas Constitution." *Bouillion*, 896 S.W.2d at 147. Ultimately, the supreme court determined that there is no implied right. *Id.* at 150.

In reaching this conclusion, the supreme court distinguished between suits seeking to declare a statute unconstitutional and, therefore, void and suits seeking damages as a remedy for an allegedly unconstitutional act and then concluded that the second type of suit is not permissible. *Id.* at 149. Immediately after making this distinction, the supreme court stated that "suits for equitable remedies for violation of constitutional rights are not prohibited," *id.*, but the court made no comment regarding whether governmental entities or officials should be named in the suits seeking equitable relief for constitutional violations. In addition, although the court broadly stated that suits seeking equitable relief are not prohibited, the court did not identify what types of remedies qualify as permissible equitable relief. Given that the "equitable remedies" statement is found immediately after the discussion regarding suits to determine the validity of a statute, it would seem that the supreme court has acknowledged that those types of suits are not barred by sovereign immunity. The supreme court has reaffirmed that proposition since *Bouillion*. *See, e.g.*, *Heinrich*, 284 S.W.3d at 373 n.6 (explaining that State has waived sovereign immunity for suits seeking declarations regarding validity of statutes and that in those types of suits, party must name relevant governmental entities). In their third declaration, the auditors are not seeking to challenge the validity of any statute.

14

Moreover, although the auditors claim that their third requested declaration survives the *Heinrich* analysis because it raises a constitutional issue, the declaration sought by the auditors is essentially an ultra vires claim. In their suit, the auditors challenge the Board's decision to use generally accepted standards and principles when ascertaining whether auditors should be punished for their actions. In other words, the auditors are essentially challenging whether Board members exceed the limits of their authority by using those standards and principles; consequently, the auditors were required to name specific governmental officials when asserting this claim. *See Heinrich*, 284 S.W.3d at 377; *see also Hendee v. Dewhurst*, 228 S.W.3d 354, 368 (Tex. App.—Austin 2007, pet. denied) (explaining that ultra vires suits include challenges asserting that state official's actions violated constitution).

Even assuming that the auditors' third declaration was not barred by sovereign immunity, we would still conclude that the district court did not have jurisdiction to consider that declaration. In its plea to the jurisdiction, the Board asserted that the auditors were improperly attempting to pursue redundant remedies through their declaratory judgment action. That assertion was based on the fact that prior to filing the declaratory judgment that is the subject of this appeal, the auditors also pursued individual appeals of the disciplinary orders issued by the Board. In each

---

After *Bouillion* was decided, the supreme court revisited their "equitable remedies" statement and concluded that a suit for injunctive relief stemming from alleged constitutional violations may be filed against a governmental entity. *See City of Elsa v. M.A.L.*, 226 S.W.3d 390, 391-92 (Tex. 2007). The propriety of that conclusion in light of the holding in *Heinrich* is being considered in a case currently before the supreme court. *See City of Arlington v. Randall*, No. 10-0030. Even assuming that the holding from *City of Elsa* is upheld, that holding is not applicable here. The auditors are not pursuing injunctive relief in this case. Moreover, nothing in the language from *Bouillion* or *City of Elsa* persuades us that the type of non-statutory and non-injunctive declaration sought by the auditors is exempt from the requirements of *Heinrich*.

15

of the suits filed under the APA, the auditors asserted that the Board's decisions to adopt various generally accepted auditing standards and accounting principles and to discipline the auditors based on those guidelines were improper because those standards and principles are unconstitutionally vague. Stated differently, the auditors asserted that the standards and principles cannot serve as disciplinary benchmarks because they do not sufficiently identify what conduct constitutes a violation.

Although the auditors insist that the constitutional relief sought in the declaratory judgment action is not redundant to the constitutional relief sought in the suits under the APA because the declaratory relief sought is broader and would apply to "any accountant for violations of professional standards," the constitutional relief sought through the declaratory judgment action is essentially duplicative of the relief that they sought through judicial review of the Board's orders and that is available under the APA. *See* Tex. Gov't Code Ann. § 2001.174(2)(A) (allowing aggrieved party to seek reversal of agency "findings, inferences, conclusions, or decisions" because they are "in violation of a constitutional or statutory provision"). Moreover, resolution of the relief requested in the APA suits will settle the dispute between the auditors and the Board.

Because the auditors' third declaration impermissibly seeks redundant remedies, *Texas Liquor Control Bd. v. Canyon Creek Land Corp.*, 456 S.W.2d 891, 895 (Tex. 1970) (explaining that "[a]s a general rule, an action for declaratory judgment will not be entertained if there is pending, at the time it is filed, another action or proceeding between the same parties and in which may be adjudicated the issues involved in the declaratory action"); *see also BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 841 (Tex. 1990) (noting that declaratory judgment action may not

16

be used to settle dispute already pending before court), we would still conclude that the district court erred by failing to grant the Board's plea to the jurisdiction as it pertains to the third declaration even if the claim were not otherwise barred by sovereign immunity, *see Texas Mun. Power Agency v. Public Util. Comm'n*, 260 S.W.3d 647, 650 (Tex. App.—Austin 2008, no pet.) (affirming trial court's granting of plea to jurisdiction when party sought declarations that were redundant to relief sought through judicial review of agency order).

For the reasons previously given, we conclude that the district court did not have jurisdiction over the auditors' declaratory action and, therefore, that the district court erred by denying the Board's plea to the jurisdiction.

## CONCLUSION

Having determined that the district court erred by failing to grant the Board's plea, we reverse the district court's order and dismiss this suit for want of jurisdiction.

_____

David Puryear,  Justice

Before Justices Patterson, Puryear, and Pemberton;
    Justice Patterson Not Participating

Dismissed for Want of Jurisdiction

Filed:   January 14, 2011

17